**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**KIMBERLY LONG**                                                                                              **PLAINTIFF**

**V.**                                         **CASE NO. 3:07CV156**

**REST HAVEN NURSING HOME**                                         **DEFENDANT**

## ORDER

This cause comes before the court on the motion [22] of the defendant, Rest Haven Nursing Home ("Rest Haven"), seeking summary judgment.

The plaintiff, Kimberly Long, was formerly employed by Rest Haven as a Certified Nursing Assistant. On August 24, 2006 Long brought a doctor's note to work stating her pregnancy created certain medical restrictions. At that time she sought "light duty" work with her employer. The next day Long was informed "light duty" positions were not offered to employees based on non-work related injuries or conditions. Long was then placed on leave under the Family Medical Leave Act ("FMLA"). Long was entitled to twelve weeks of FMLA leave. At the conclusion of those twelve weeks she was unable to return to work. She was terminated on November 18, 2006.

Following that termination, Long filed a complaint with the Equal Employment Opportunity Commission. Subsequently, she filed the instant suit alleging violations of the Pregnancy Discrimination Act ("PDA") and the FMLA.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Rest Haven seeks summary judgment on Long's PDA claim because Long can not show she was treated differently than other similarly situated employees.

The PDA requires employers to treat pregnant employees "the same [as all other employees] for all employment-related purposes." 42 U.S.C. § 2000e(k).

Rest Haven claims they do not offer light duty work for employees whose condition or injury is non-work related. Long claims other pregnant employees have received light duty work based on pregnancy restrictions. Both parties agree the determination of this issue is dispositive of the instant motion. *See also Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 207-08 (5th Cir. 1998).

At her deposition Long testified to knowledge of five employees receiving light duty assignments. After further questioning, Long stated three of those employees' assignments were based on work related injuries, one was based on a combination of a work related injury and a pregnancy, and one was based on a pregnancy. There was no follow up on the employee Long believed was given a light duty position because of a combination of a work-related injury and her pregnancy. Long was asked if the employee she believed was given light duty work because

of her pregnancy simply moved from a full time position to a part time position instead of being offered a light duty assignment.[1]  Long denied any knowledge of that.

In an affidavit Rest Haven's administrator, Aileen Holt, swore no employees were given light duty assignments because of non-work related injuries or conditions.  She specifically deals with the employees Long mentioned in her deposition stating that each of them that received light duty did so because of a work related injury.  She further states that the pregnant employee mentioned by Long went from full time status to part time status, but did not receive a light duty assignment.

Neither party submits documents relating to these individuals' light duty assignments or affidavits from the women themselves.  As such there is a question of material fact as to whether other employees effected by non-work conditions[2] were given light duty positions.  It may well be that Holt is in a much better position to weigh in on this issue, but for the purposes of summary judgment the court does not weigh the credibility of witnesses.  Both witnesses are interested parties and they provide opposing testimony.  The difference in the womens' statements must be viewed in the light most favorable to Long.  As such summary judgment is not warranted at this juncture.

Rest Haven also seeks summary judgment on Long's FMLA claims.  Rest Haven's argument is that they did not violate the FMLA because Long could not perform her job duties

---

[1] Long was already a part-time employee.  Further, since Long's restrictions involved lifting it is illogical that working less hours would alleviate lifting requirements.

[2] Without fully briefing the issue, Rest Haven argues Long's position that she was treated differently than other pregnant women undermines her case that she was discriminated against because of her pregnancy.  However, the court must consider Long's argument in light of Rest Haven's defense.  Rest Haven says they do not offer light duty positions to those effected by non-work related conditions.  A pregnancy is obviously a non-work related condition.  As such if other pregnant women were given light duty positions, this would show Long was denied the same treatment as others.  Long's different treatment would be caused by her pregnancy as but for the pregnancy she would not have needed a light duty position.

and had to take FMLA leave. However, had Long been able to obtain a light duty position she would have been able to continue to work. She thus could have continued to work and not have had to take FMLA leave. The court found a material question of fact as to Long's eligibilty for a light duty position. That finding is dispositive on this claim. If Long could have continued to work a light duty position and was entitled to such a position under the PDA she would not have had to take her FMLA leave. Until the dispute under the PDA is resolved, the court can not resolve her FMLA claim.

The defendant's motion for summary judgment is DENIED.

This the 13th day of January, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**